```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**DERRICK HOLLIS**                :    CIVIL ACTION
                                  :
    **v.**    :
                                  :
**LEHIGH COUNTY PRISON**          :    NO. 14-2334

### M E M O R A N D U M

JONES, J.                                AUGUST  8  , 2014

    Plaintiff has filed a <u>pro se</u> 42 U.S.C. § 1983 civil rights lawsuit against the Lehigh County Prison. He alleges that he was injured when he slipped and fell on a soapy floor in the shower at the prison. He also alleges that the shower did not have safety mats on the floor.

    For the following reasons, plaintiff's claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    Plaintiff is suing the Lehigh County Prison, which is not a "person" subject to suit under the civil rights laws. <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271 (E.D. Pa. 1976); <u>see also</u> <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

    In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. <u>West v. Atkins</u>, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that plaintiff's constitutional rights have been violated.

    Even <u>assuming</u> <u>arguendo</u> that prison officials were negligent because the shower did not have safety mats, negligent

conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Furthermore, plaintiff was taken to an outside hospital for x-rays after he fell, and he was given medication for his injuries.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.